KETELSON & DEGETAU v. F. GROOS & CO.

Decided March 15, 1899.

**Fraud—Draft—Payment Recovered Back—Notice.**

A buyer of goods who agreed with the seller to pay a draft to be drawn by a creditor of the latter in anticipation of the delivery of the goods and upon condition that the creditor would guarantee delivery, may recover the amount paid from such creditor, although the latter did not know of the condition at the time he drew the draft, where he learned thereof before he received and appropriated the money, at which time he knew that the seller was insolvent and had not delivered and would not deliver the goods, it not appearing that the creditor in any way changed his position to his prejudice in reliance upon the draft.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*J. A. Buckler,* for appellant.

*Geo. C. Altgelt* and *Goeth & Ihrie,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellees to recover $1500 which was paid on a check drawn on appellees by appellants to pay for corn which one J. L. S. Hunt had promised to deliver to appellants, but which he failed to do. The court before which the case was tried without a jury rendered judgment in favor of appellees.

The uncontroverted facts are as follows: The J. L. S. Hunt Company did business in 1897 in the city of San Antonio as dealers in grain. The firm was insolvent at that time. On June 3, 1897, J. L. S. Hunt, as the

agent and representative of said company, made a contract with appellants to deliver to them at Laredo, Texas, nine cars of sacked corn at the price of 60 cents per 100 pounds, it being agreed that Hunt was to draw on appellees with bills of lading attached. Hunt stated to appellants that appellees' bankers in San Antonio had the bills of lading, and requested that he be permitted to draw for $1500 in advance. To this request appellants assented on condition that appellees would guarantee delivery of the corn, this proposition being embodied in writing in a letter to appellees of date June 3, 1897. The contract was made with Hunt, and the letter written in El Paso, Texas. The letter was delivered to Hunt in El Paso. On June 4, 1897, appellees drew a draft payable to J. S. Lackland, cashier State National Bank, El Paso, on appellants for $1500. The draft was presented to appellants on June 5th, but they delayed payment until June 8th, in order that appellees might receive the letter given Hunt and ascertain the conditions on which the money was to be paid. Appellees received the letter on June 7th, and on June 10th telegraphed the bank in El Paso to know if the draft had been paid unconditionally. Appellees did not have bills of lading for the nine cars of corn, and the corn was not delivered nor the money refunded. The money was received on June 11th by appellees, and after its receipt was applied to a debt due by the J. L. S. Hunt Company. Appellees knew at the time the money was appropriated by them of the conditions upon which it had been paid by appellants. They knew also of the insolvency of the J. L. S. Hunt Company, and that it had failed to deliver the corn. They must also have known that Hunt had not and would not comply with his contract, and equity, justice, and good conscience will not permit their appropriation of the money, even if they had not agreed by acceptance of the money to the guaranty demanded of them by the letter of appellants.

They do not allege in their answer that they had changed their position or parted with anything of value by reason of the drawing of the draft, but they went into the trial court and come into this on the naked proposition that the Hunt Company was indebted to them, and they drew the draft before they received the letter containing the condition on which the money was to be paid, and also upon the proposition that appellants knew appellees had drawn the check before the letter was received. They do not deny that they knew all about the conditions before they got the money, and are not in a position to ask that a court of justice shall take the money of another obtained from him by fraud and allow them to appropriate it to the payment of a debt of a man who had perpetrated the fraud. Their contention amounts to nothing more than the proposition that they had gained possession of appellants' money, and although they gave nothing for it they ought to be permitted to hold it, simply by reason of such possession.

The judgment will be reversed and judgment here rendered that appellants recover of appellees the sum of $1500, with 6 per cent per an-

num interest thereon from June 11, 1897, together with all costs in this and the lower court expended.

*Reversed and rendered.*

Writ of error refused.